## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| RUBEN ASCENCIO CHAVELAZ, | ) | |
| ID # 267427, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 3:17-CV-1402-D (BH) |
| | ) | |
| UNITED STATES DISTRICT | ) | Referred to U.S. Magistrate Judge |
| FEDERAL COURT (I.C.E.) | ) | |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order 3-251, this habeas case has been automatically referred for findings, conclusions, and recommendation.  Before the Court is the petitioner's *Motion to Quash Deportation*, received on May 26, 2017.  (*See* doc. 3.)  Based on the relevant filings and applicable law, the filing should be **CONSTRUED** as a 28 U.S.C. § 2241 habeas petition and **DISMISSED** for lack of jurisdiction.

### I.  BACKGROUND

Ruben Ascencio Chavelaz (Petitioner), an inmate in the Rogers County Jail in Claremore, Oklahoma, seeks to quash or stop his deportation.  (*See* doc. 3 at 1, 3.)[1]  He alleges that his parents brought him to the United States in 1986 when he was four years old, and that he has resided here in good standing since then.  (*See id.*)  Prior to his incarceration, he lived with his wife and three children in Las Vegas, Clark County, Nevada, where all of his children were born.  (*See id.* at 1-2.)  He contends that because he is the head of household and primary provider for his family, his removal would present a hardship for them.  (*See id.* at 2.)

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

## II. NATURE OF SUIT

It appears from Petitioner's two-page motion that he is challenging a deportation or removal order.  His filing is should therefore be **CONSTRUED** as a habeas petition under 28 U.S.C. § 2241. *See Ibarraroco v. Barnes*, No. H-09-3085, 2009 WL 3242586 (S.D. Tex. Oct. 1, 2009) (filing that challenged removal order was construed as a § 2241 habeas petition); *Juarez v. Mukasey*, No. 3:08-CV-533, 2008 WL 2930317 at *1 (N.D. Tex. July 24, 2008) (28 U.S.C. § 2254 petition challenged removal order was construed as a § 2241 habeas petition).

## III.  JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

**A.    Custody Requirement**

An individual may seek habeas relief under § 2241 only if he is "in custody" under federal authority, for a violation of federal law, or in violation of either federal law or the United States Constitution. *See* 28 U.S.C. § 2241(c).  The "in custody" requirement is a jurisdictional prerequisite. *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  While actual physical detention is not required to meet this custody requirement, there must be some restraint on the liberty of a person. *Jones v. Cunningham*, 371 U.S. 236 (1963).  In the immigration context, an alien subject to a final

deportation order is "in custody" for purposes of § 2241.  *Zolicoffer v. U.S. Dep't of Justice*. 315 F.3d 538, 540 (5th 2003).

**B.**    **District of Incarceration**

To entertain a § 2241 habeas petition, a court must have jurisdiction over the prisoner or his custodian upon filing of the petition.  *Lee v. Wetzel*, 244 F.3d 370, 373-74  (5th Cir. 2001); *United States v. Gabor*, 905 F.2d 76, 77 (5th Cir. 1990); *Blau v. United States*, 566 F.2d 526, 527-28 (5th Cir. 1978).  A § 2241 petition must be filed in the district in which the petitioner is incarcerated. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  The plaintiff is confined in Rogers County, Oklahoma, which lies within the Northern District of Oklahoma.  28 U.S.C. § 116(a).  This Court therefore lacks jurisdiction to entertain his § 2241 petition.  *See Lee*, 244 F.3d at 373-74.

**C.**    **Judicial Review of Removal**

In 2005, Congress passed the REAL ID Act.  The language of the Act specifically states that:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision , and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.

8 U.S.C. § 1252(a)(5); *see also Toledo-Hernandez v. Mukasey*, 521 F.3d 332, 333-34 (5th Cir. 2008).  Since this law was passed, district courts no longer have habeas jurisdiction under § 2241 to review final removal orders.  *Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011); *Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 736 (5th Cir. 2003).  Under the REAL ID Act, a petition for review filed in the appropriate Court of Appeals is the exclusive means for judicial review of a removal order.  8 U.S.C. § 1252(a)(2)(D).  This Court does not have

3

jurisdiction to grant petitioner the relief that he seeks, and his habeas petition should be dismissed for lack of jurisdiction.  Because the United States District Court for the Northern District of Oklahoma would also lack jurisdiction to review a deportation order, this case should not be transferred to that court.

## IV.  RECOMMENDATION

Petitioner's filing (doc. 3) should be **CONSTRUED** as a habeas petition under 28 U.S.C. § 2241 and **DISMISSED** for lack of jurisdiction.

**SIGNED this 30th day of May, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE